# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:08-cv-543-FDW**

| | |
|---|---|
| **REGINALD WHITE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **WAL-MART DISTRIBUTION CENTER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendant's Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3), 42 U.S.C. 2000e-5(f)(3), and 28 U.S.C. §§ 1404, 1406 (Doc. No. 8). Plaintiff has not responded to Defendant's Motion and this matter is now ripe for review. Defendant's Motion to Dismiss is DENIED, but its alternative Motion to Transfer is GRANTED.

Plaintiff, a former Wal-Mart employee, alleges Defendant discriminated against him on the basis of his race, in violation of 42 U.S.C. § 2000e. Plaintiff was employed at Wal-Mart Distribution Center # 6073, located at 160 Dove Sutton Road, Pageland, South Carolina, from August 26, 2002, until April 24, 2007. On April 9, 2007, Plaintiff alleges he was cursed at and threatened by a fellow associate. After this incident, Plaintiff alleges Defendant began treating him unfairly on the basis of his race. On April 11, 2007, Plaintiff informed his supervisor of his intent to file a complaint with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was terminated for theft of company time on April 24, 2007. Plaintiff received a "Notice of Right to Sue" letter from the EEOC

on September 26, 2008. EEOC guidelines require recipients of a "Notice of Right to Sue" letter to file a lawsuit within 90 days of receipt of the notice. Plaintiff filed a Complaint with this Court on November 26, 2008, in compliance with EEOC regulations, alleging general harassment and termination of employment based on his race.

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. When a 12(b)(3) motion to dismiss is filed, the plaintiff then bears the burden to "establish that venue is proper in the judicial district in which the plaintiff has brought the action." Plant Genetic Systems, N.V. vs. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). If the court finds venue to be improper, the court shall dismiss or, in the interest of justice, transfer the case to the district or division in which the case could have been brought. 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Williams, 1996 U.S. Dist. LEXIS 13528, at *9 (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Title VII's venue provision provides:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any district such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. 2000e-5(f)(3). Plaintiff worked for Defendant in Pageland, South Carolina, and the alleged unlawful employment practice occurred there. Similarly, Defendant keeps its employment records in either Pageland, South Carolina, or at its principal office in Bentonville, Arkansas. Based on these facts, venue in this Court is improper.

However, with pro se plaintiffs the Fourth Circuit has stated that "there is a greater burden and

a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978) (citing Haines v. Kerner, 404 U.S. 519 (1972)). Should this case be dismissed, Plaintiff would be barred by the statute of limitations from filing this action in the proper venue. "Thus, dismissal would deprive Plaintiff of the opportunity to have his federal claims heard on the merits." Williams v. ALCOA, 1996 U.S. Dist. LEXIS 13528, at *9. Therefore, the Court holds that the interest of justice requires transfer, rather than dismissal, to the United States District Court for the District of South Carolina, Florence Division.

Accordingly, Defendant's Motion to Dismiss is DENIED, but its alternative Motion to Transfer is GRANTED. This action is hereby transferred to the United States District Court for the District of South Carolina, Florence Division.

IT IS SO ORDERED.	Signed: February 4, 2009

Frank D. Whitney
United States District Judge